Larry James Treakle v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-392-CR

LARRY JAMES TREAKLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry James Treakle was indicted for “intentionally, with the intent to arouse or gratify the sexual desire of [Appellant], engag[ing] in sexual contact by touching the genitals of [Complainant], a child younger than seventeen years and not the spouse of” Appellant.  
Pursuant to his guilty plea, Appellant was placed on deferred adjudication community supervision.  His community supervision was later revoked, and he was adjudicated and convicted of indecency with a child by contact.  He was sentenced to twenty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  More than four years after Appellant was sentenced, he filed a postconviction motion for DNA testing, which the trial court denied after a hearing.  Appellant appeals from that denial.  He complains that the trial court erred by denying his motion or, alternatively, that the trial court erred by not allowing him additional time to amend his affidavit.

The law in effect at the time Appellant filed his motion provided that upon  receipt of a valid post-conviction motion for forensic DNA testing, a trial court was required to order the testing only if, among other things, 

(2) the convicted person establishe[d] by a preponderance of the evidence that

(A) a reasonable probability exist[ed] that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; and 

(B) the request for the proposed DNA testing [wa]s not made to unreasonably delay the execution of sentence or administration of justice.
(footnote: 2)

Without ruling on whether Appellant’s motion and affidavit were legally valid, we note that both the motion and Appellant’s affidavit tracked the statutory language of article 64.03, but they did little else.  Neither document mentioned or described any evidence that could be tested.  Neither made any specific factual allegations.
(footnote: 3)
 The State’s response, filed approximately two months before the hearing, included an affidavit by a Fort Worth Police Department officer that indicated that the department possessed two sealed boxes of film, VHS videotapes, and magazines “that might contain biological evidence.”  The State’s response and argument at the hearing made clear that any DNA evidence present in the two sealed boxes would have no relevance to the offense to which Appellant pled guilty and for which he has been convicted and sentenced.  As the trial court pointed out, had Appellant been charged with touching the complainant with an item from the box, then the evidence possessed by the police department would have had relevance.

Nothing Appellant provided in his affidavit, motion, or argument at the hearing indicated that any evidence in the box had any connection to the alleged contact with the complainant.  After the hearing, the trial court found that “no reasonable probability exists that DNA testing of the films, videotapes, and magazines would have exonerated” Appellant and that “no reasonable probability exists that [Appellant] would not have been convicted had the films, videotapes, or magazines been DNA tested.”  The trial court denied Appellant’s motion and denied him additional time to amend his affidavit.

Based on the law and our review of the record, we cannot say that the trial court erred in denying the motion.
(footnote: 4)  Additionally, because any DNA evidence present on the items in the two sealed boxes held by the Fort Worth Police Department would only “muddy the waters” and not tend to exonerate Appellant,
(footnote: 5) and because granting an abeyance would fly in the face of the statute’s policy of avoiding unreasonable delay,
(footnote: 6) we also cannot say that the trial court erred in refusing to grant Appellant more time to amend his affidavit.

We overrule Appellant’s point and affirm the trial court’s order denying Appellant’s motion for DNA testing.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.03 (Vernon Supp. 2004-05)); 
see also
 Act of April 25, 2003, 78th Leg., R.S., ch. 13, §§ 8, 9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for DNA testing filed before September 1, 2003).

3:
See 
Tex. Code Crim. Proc. Ann.
 art. 64.01(a) (Vernon Supp. 2004-05) (providing that the affidavit must contain statements of fact in support of the motion).

4:
See
 Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003).

5:
See Kutzner v. State
, 75 S.W.3d 427, 439 & n.27 (Tex. Crim. App.  2002).

6:
See
 Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003).